IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TROUT TRADING MANAGEMENT CO., LTD.,
et al.,

    Plaintiffs,

vs.                                        No.  CIV-99-1330 JC/LCS ACE

TIMOTHY W. TROUT
and HENRY MARK HOLZER,

    Defendants.

_____

TIMOTHY W. TROUT,

    Counter Claimant,

vs.

TROUT TRADING MANAGEMENT CO., LTD.,
et al.,

    Counterclaim Defendants.

## FINDINGS AND ORDER OF SPECIAL MASTER

This matter came on for hearing after complete briefing on Defendant Timothy Trout's Motion to Compel. (Doc. 130). The issues raised in the briefing and at the hearing were similar or virtually identical to some of the same arguments made in the Motion to Compel filed by the Defendant Holzer and which was ruled on by the United States Magistrate Judge in this matter in the order of May 17, 2000. (Doc. 149).  The main thrust of  Plaintiffs objections were to preserve their attorney client and work product privileges and to advance their policy arguments urged to

protect the business of TTMC from disclosure of sensitive information or names which if disclosed would probably result in damaged business relations with investors or prospective investors.  The United States Magistrate Judge had earlier announced rulings on specific interrogatories of the Defendant Holzer which rulings were sensitive to the policy concerns raised by plaintiffs while at the same time permitting discovery needed by Defendant Holzer in order to prepare his defense.

In general the Magistrate Judge had ordered the plaintiffs to produce the names of investors who had been affected adversely by the so called "extortion" efforts of Defendants but plaintiffs were allowed to protect the identity of all other investors or potential investors. In addition the Magistrate Judge permitted plaintiffs to protect the identity of individuals who are truly "litigation" consultants and permitted the protection of information privileged as work product or as attorney client communications.  It is the intent of these findings to adhere to those principles announced by the United States Magistrate Judge in this case. To the extent it is necessary for the Special Master to conduct an in camera review of documents to determine the application of the privilege objections then this review will be conducted. With respect to individual interrogatories and requests for production the following findings are made:

1. <u>Interrogatory 7</u>.  This interrogatory is a damage interrogatory which seeks the naming of the categories of damages sought and the method of calculation. Plaintiff's original answer to this interrogatory has been supplemented and Plaintiffs have withdrawn or further clarified some categories of damages. At the present time plaintiffs claims for attorney fees or legal costs are limited to statutory contentions available to a prevailing party.  The remaining damages are for what

has been termed loss of "Goodwill" and loss of business opportunity. Plaintiffs have answered that the amount claimed is $200,000,000.00 and that its calculation will be the subject of expert testimony. Plaintiff is willing to produce to Defendant Trout all information supplied to any expert that is to be considered in calculating the loss of goodwill and Plaintiffs should be required to furnish this information. Plaintiffs should also furnish names of investors who have changed their position to the detriment of TTMC but do not have to give names of any other investors or potential investors. This question is the subject of a motion for reconsideration by the Magistrate Judge with respect to the Defendant Holzer's discovery and the Magistrate Judge's ruling on reconsideration should ultimately control the question with respect to this interrogatory. Plaintiffs do not need to disclose the names of true consulting experts. Plaintiffs do not have to disclose privileged information unless it is given to a testifying damage expert to use in calculating damages.

2. <u>Interrogatory 8</u>. This interrogatory asks for the names of persons with knowledge of the "extortion letter" or the "extortion conspiracy." Plaintiffs have supplied names of such individuals and have supplemented that list but have not given the names of investors or prospective investors. The motion to compel the answer to this interrogatory therefore should be denied except that plaintiffs should be certain that they have supplied the names of those investors who have changed their position with respect to TTMC because of the extortion letter or the so-called extortion conspiracy.

3. <u>Interrogatory No. 9 and Request for Production 54 and 55</u>. This interrogatory

3

and these requests ask the plaintiffs to identify Timothy Trout's false and defamatory statements and to produce those documents that concern defamatory statements. The United States Magistrate Judge in this matter had previously ordered plaintiffs to answer an identical interrogatory from the Defendant Holzer and plaintiffs should be compelled to answer the interrogatory and respond to the document production requests except that plaintiff is entitled to assert the privilege objections and to protect the names of investors or prospective investors who have not changed their positions with respect to TTMC as indicated in the preamble to these findings.

4. <u>Interrogatory No. 10</u>. This interrogatory asks the plaintiffs to identify the contractual and business relationships which plaintiffs claim the Defendant Tim Trout interfered with. Plaintiffs should be required to furnish the names and general nature of the relationship without being required to give the names of investors or prospective investors who have not changed their position with respect to TTMC.

5. <u>Interrogatory 13</u>. This interrogatory is identical with a similar interrogatory asked by the Defendant Holzer and for which the Motion to Compel by Holzer was denied. The motion to compel an answer to this interrogatory should therefore be denied.

6. <u>Request for Production No. 1</u>. This request asks for all documents which would show that Timothy Trout is not entitled to the $360,000,000.00 he has claimed. The plaintiffs general relevance objection to this request should be overruled in

that any such documents may lead to the discovery of other relevant and admissible information. Plaintiffs should be required to respond to this request.

7.   Request for Production No. 30, 34, 35, 44, 46, 53, 60 and 61. Plaintiffs have responded that they have agreed to produce the documents called for in these requests except those that may be privileged by the attorney/client or work product privilege. At the oral argument on this matter plaintiffs reiterated the fact that all such documents have been produced and any that come into their possession in the future will be produced. The motion to compel with respect to these requests therefore should be denied.

8.   Request for Production No. 38. The Defendant Timothy Trout requests all documents concerning any expect opinions about the authorship of the "extortion letter." Plaintiffs have responded that there are no such documents except those that are protected by the attorney/client and work product privilege and that the authorship of the letter had been acknowledged. If there is any such expert however, who is a testifying expert or an expert who is not a consultant for the purposes of this litigation then plaintiffs should produce the name of that expert and all documents supplied to the expert for the purposes of his or her expert opinion.

9.   Request for Production No. 48 and 59. These requests seek documents concerning the allegations that OPLA is a "phenomenally valuable trading indicator" as well as documents concerning changes from 1995 to the present time with respect to trading programs and strategies of TTMC and OPLA. Plaintiffs

have raised serious objections about proprietary trade secrets that have the potential for serious impact on the trading business of TTMC. If there is to be expert testimony about the nature of OPLA and why it is phenomenally valuable then documents supplied to any experts should be produced and furnished to the defendants. The relevance of these documents, however, absent any expert testimony, and of those concerning changes in trading strategy from 1995 to the present time appears to be outweighed by the sensitive nature of the information so that plaintiffs should not be required to respond to these requests unless the matters asserted are to be the subject of expert testimony. The motion to compel therefore with respect to requests 48 and 59 should be denied with the same general exception that any documents furnished to any expert for the purposes of obtaining expert opinion should be produced.

10. <u>Request for Production No. 54 and 55</u>. These requests seek the production of documents concerning the falsity of statements in the extortion letter and concerning damage to the plaintiffs as a result of statements in the extortion letter. The United States Magistrate Judge has indicated in prior hearings on discovery disputes that allegedly defamatory material might very well lead to the discovery of relevant and admissible material with respect to the claims for malicious prosecution and the fact that there is no claim for defamation should not preclude the production of documents. Plaintiffs should therefore be required to respond to this request for production subject to the attorney/client and work product privileges and subject to the general statement in the preamble to these findings

        that the names of investors or potential investors who have not changed their position or relationship with TTMC need not be produced.

11. <u>Request for Production No. 58</u>.  Plaintiffs have responded that they will produce these documents and reiterated that position at the hearing on this matter.  The motion to compel with respect to Request for Production No. 58 should therefore be denied.

12. <u>Request for Production No. 60</u>. This request seeks the production of documents that would reflect the date that plaintiffs and related persons or entities first became aware that the Defendant Timothy Trout possessed business records of TTMC.  These appear to be relevant to the defense of Timothy Trout that he had the right of ownership of certain records at certain periods of time.  Plaintiffs should respond to these request for production subject to the attorney/client work product privileges and the investor disclosure protections mentioned in the preamble to these findings.

13. <u>The privilege log of plaintiffs</u>.  Plaintiffs have supplied a privilege log with respect to documents for which production has been refused because of privileges which have been asserted.  In many instances the logs have omitted the names of authors and of recipients and other general information about the documents pursuant to the fact that plaintiffs have not been required to produce the names of consultant attorneys in other litigation or in this litigation nor the names of other consulting experts. Plaintiffs should produce a privilege log for an in-camera review by the special master which gives specific names of authors and recipients of documents

and a general description of who that individual is and what his or her relationship to the plaintiffs might be. After review of that log the special master should conduct an in-camera review of documents whose production or non-production is not clear from the privilege log.

14. <u>Interrogatory No. 2-1</u>. This interrogatory asks for the names of officers, directors, shareholders, and partners of certain entities. The plaintiffs have answered this interrogatory without revealing names of investors or potential investors whose position with respect to TTMC has not changed and have agreed to supplement this answer. There is no further need to compel further answer to this interrogatory and the motion to compel should therefore be denied.

15. <u>Interrogatory No. 2-2</u>. This interrogatory asks for the identity of subsidiaries and affiliated entities of TTMC, TTF, Waterfront, and other related entities. Plaintiffs have responded by answering this interrogatory and supplementing their answer without revealing the names of investors or potential investors who have not changed their position with respect to TTMC and there is no further need to compel further response to this interrogatory. The motion to compel for the answers to this interrogatory should therefore be denied.

16. <u>Interrogatories No. 2-3 through 2-18</u>. These interrogatories all refer to documents attached to the interrogatories themselves and ask questions concerning them which questions deal with the Defendant Timothy Trout's contentions with respect to claims of right and claim of ownership. In general, the plaintiffs have objected that the interrogatories are irrelevant but it appears that if not relevant in of

themselves they may lead to the discovery of relevant and admissible evidence particularly with respect to defenses to a claim of extortion. Plaintiffs should be required to answer these interrogatories.

17. <u>Second Request for Production No. 1</u>. This request asks for documents related to the formation of certain legal entities that are related to TTMC. Plaintiffs objected that the requested documents were not relevant but it appears that they could lead to the discovery of relevant information concerning ownership and plaintiffs should be required to respond to this request.

18. <u>Second Request for Production No. 2</u>. Plaintiff has agreed to produce these documents and to supplement that production and the motion to compel should therefore be denied.

19. <u>Second Request for Production No. 3</u>. This request asks for the production of prospectuses offering memoranda or similar material. The plaintiffs raised a relevance objection but have agreed to produce such documents up until December 31, 1995 but it appears that materials to the date of the filing of this litigation could very well lead to the discovery of relevant and admissible information, particularly concerning issues of damages. Plaintiffs should be required to produce such material for dates up to the date of the commencement of this lawsuit.

20. <u>Second Request for Production No. 4</u>. This request asks for termination and winding up documents of certain entities. Plaintiffs have agreed to produce these documents and to supplement their production and the motion to compel with respect to this request should therefore be denied.

Upon the filing of these findings and this report the parties are ordered to comply with the findings with respect to each of the discovery matters.

> _____
> WAYNE C. WOLF
> SPECIAL MASTER