IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

00 OCT 20 AM 11: 33

TROUT TRADING MANAGEMENT CO., LTD.,
et al.,

    Plaintiffs,

vs.                             No. CIV-99-1330 JC/LCS ACE

TIMOTHY W. TROUT
and HENRY MARK HOLZER,

    Defendants.

---

TIMOTHY W. TROUT,

    Counter Claimant,

vs.

TROUT TRADING MANAGEMENT CO., LTD.,
et al.,

    Counterclaim Defendants.

### SPECIAL MASTER FINDINGS ON MOTIONS FOR PROTECTIVE ORDERS BY PLAINTIFFS TO PROHIBIT CERTAIN INQUIRY AT BELL AND AFB DEPOSITIONS (DOC 262);

Plaintiff Arthur F. Bell, Jr. ("Bell") and Arthur F. Bell Jr. and Associates, LLC. ("AFB") have requested a protective order (doc. 262) to preclude certain areas of inquiry at their depositions. The two major issues involve claims by Timothy Trout of an equity interest in TTMC or related entities and the assertion of the accountant client privilege. This motion has been fully and ably briefed and was the subject of oral argument before the Special Master. Based on those submissions the following findings

are made:

1. Although the claims between Timothy Trout and Plaintiffs have been settled the issues raised by this motion remain between the Defendant Holzer and the Plaintiffs. Plaintiffs Bell and AFB raise the general objection that as certified public accountants they must invoke the accountant-client privilege under Maryland Law to preclude disclosing any information proposed as a subject of the discovery. This privilege, however, is a matter of evidentiary rule which is procedural rather than substantive. The privilege is not recognized under Federal Law and does not exist under New Mexico state evidentiary law. See *Sutton v. United States, 658 F 2nd 782 (10th Cir. 1981); Ammerman v. Hubbard Broadcasting, Inc. 89 N.M. 307, 551 P 2nd 1354 (1976).* Therefore the privilege is not available for the case at bar.

2. In the reply brief, Plaintiffs Bell and AFB also request a ruling that if depositions proceed the Defendant Tim Trout should not be entitled to inquire about information regarding his claim to a equity interest in TTMC. It appears that specific issues about Timothy Trouts equity claims are now moot as well as being beyond the scope of issues that existed on February 17, 2000. It is difficult to evaluate questions or requests before they are asked, but on previous matters discovery has been permitted to allow inquiry that might lead to the discovery of relevant information pertaining to any of the Defendants' defenses, such as some ownership right to documents or information. The fact that the same question might go to both a right to possession of a document as well as a claim for an equity interest doesn't mean that it should be precluded and it therefore appears that Plaintiffs' general broad request for protection against questions that might relate to an equity interest should be denied . In their reply

Plaintiffs also ask for a delay about any decision on whether Bell or AFB should be allowed to be deposed but specific orders of the Court have directed that motion practice on discovery should continue even though discovery itself is being held in abeyance. There does not appear to be any reason to find that any further order of abeyance is necessary.

WAYNE C. WOLF

*Wayne C. Wolf*

WAYNE C. WOLF
Special Master
4159 Montgomery Blvd., N.E.
Albuquerque, NM 87109
(505) 888-6600

findingsfinal.belldepos. 262

3