IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT
DISTRICT OF NEW MEXICO

00 OCT 20  AM 11: 33

[signature]
CLERK-ALBUQUERQUE

TROUT TRADING MANAGEMENT CO., LTD.,
et al.,

    Plaintiffs,

vs.                                                    No. CIV-99-1330 JC/LCS ACE

TIMOTHY W. TROUT
and HENRY MARK HOLZER,

    Defendants.

---

TIMOTHY W. TROUT,

    Counter Claimant,

vs.

TROUT TRADING MANAGEMENT CO., LTD.,
et al.,

    Counterclaim Defendants.

## SPECIAL MASTER FINDINGS ON MOTION FOR PROTECTIVE ORDER TO PRECLUDE DEPOSITIONS OF CAIN AND SWAN AND LIMIT DEPOSITIONS OF WARNER AND WETZLAR (DOC 264)

1. Plaintiffs have asked for a protective order to preclude the deposition of attorneys Andrew Cain and Turner Swan; to limit the depositions of attorneys Kenneth Warner and Joan Wetzlar and to prohibit or stay all discovery on Timothy Trout's assertion of ownership of an equity interest in TTMC. (Doc 264) This last request is very closely related to protective order issues that have been previously decided, and with respect to Timothy Trout are now probably moot in view of the settlement which

has been entered between Timothy Trout and the Plaintiffs. The problem is that the subject of equity interest in the context of an individual question could lead to the discovery of information related to a defense of Henry Holzer to some of the claims such as conversion or appropriation of trade secrets or appropriation of documents. Questions about an equity interest that relate only to the claim of a right to recover are clearly beyond the scope of discovery being permitted by the April 7, 2000, Order of the Court (doc 76) and are also probably moot. A request for a blanket finding that there should be no discovery related to an equity interest in TTMC therefore is overly broad and should be denied because individual questions could seek material which would lead to the discovery of admissible evidence about issues pending in the case on February 17, 2000. Therefore upon the filing of these findings the request and motion for protective order to prohibit discovery about an equity interest should be deemed denied.

2.      In the same motion as discussed in the previous finding, Plaintiffs seek an order prohibiting the depositions of Andrew Cain and of Turner Swan. Plaintiffs have demonstrated through their materials and at argument that Andrew Cain is TTMC's current in-house counsel and Turner Swan is a former general counsel of TTMC who resigned in June of 1995. Cain attended the settlement conference for TTMC and is obviously involved in the management of this lawsuit. Pursuant to *Shelton v. American Motors Corp.*, 805 Fed. 2nd 1323, (8th Circuit 1986) as approved in *Boughton v. Cotter Corp.*, 65 F 3d 823, 829 (10th Cir. 1995) those wishing to take the deposition of Cain should demonstrate that there is (1) no other means that exist to obtain the information than to depose opposing counsel. . . (2) the information sought is relevant and non-

privileged, and (3) the information is crucial to the preparation of the case. The attorney in *Shelton* was the lawyer supervising the case and was not the counsel of record on the case. It appears that the requirements of *Shelton* are controlling and that the parties seeking to depose Cain should first meet the criteria set forth in *Shelton* before being permitted to take the deposition of Andrew Cain. The deposition of Andrew Cain therefore should be stayed for the time being subject to the rights of defendants to make the appropriate showing under applicable law. Turner Swan however, is a former general counsel of TTMC who apparently has not been involved with TTMC since 1995 and accordingly cannot be the counsel supervising handling of this case. Plaintiffs make a blanket assertion that he can have no relevant information and in effect ask for a ruling in advance that his testimony is all irrelevant. That request for an advance ruling of irrelevancy should be denied, and the deposition of Turner Swan should be permitted subject to all other orders and rulings in this matter pertaining to privilege, relevancy, trade secret, and depositions in general.

3. In this motion Plaintiffs have also asked for a protective order limiting the scope of any depositions of Kenneth Warner and Joan Wetzlar who are counsel for Monroe Trout and TTMC. Warner and Wetzler are fact witnesses about meetings or conferences with the Defendant Holzer and with respect to the general theories of extortion and conspiracy being advanced by Plaintiffs. Their testimony on those matters is relevant and apparently not privileged. A blanket ruling in advance of the scope of those depositions is inappropriate but once again there are a number of orders and findings in the case at bar concerning privilege, trade secrets and the scope of discovery for this case. In addition general rules of procedure and evidence would also

still apply to the depositions. All the Court's orders therefore in connection with the subject of ownership, assertion of the alter-ego theory, protection of trade secret information, scope of discovery, confidentiality and the injunction orders of this Court would appear to be in force to apply to the extent they are applicable to any deposition taken in this case, including that of Wetzlar and Warner. The deposition of Wetzlar and Warner in accordance with limitations already in force in this case should be allowed.

WAYNE C. WOLF

*/s/ Wayne C. Wolf*

WAYNE C. WOLF
Special Master
4159 Montgomery Blvd., N.E.
Albuquerque, NM 87109
(505) 888-6600

Findings.final.doc284