IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TROUT TRADING MANAGEMENT CO., LTD.,
et al.,

    Plaintiffs,

vs.   No. CIV-99-1330 JC/LCS ACE

TIMOTHY W. TROUT
and HENRY MARK HOLZER,

    Defendants.

TIMOTHY W. TROUT,

    Counter Claimant,

vs.

TROUT TRADING MANAGEMENT CO., LTD.,
et al.,

    Counterclaim Defendants.

## SPECIAL MASTER FINDINGS ON DEFENDANT HOLZER'S MOTION TO COMPEL PLAINTIFFS ARTHUR F. BELL, JR. AND ARTHUR F. BELL, JR. & ASSOCIATES, LLC TO ANSWER HOLZER'S FIRST SET OF INTERROGATORIES (260)

This motion (260) seeks further and more complete answers from Arthur F. Bell, Jr. and Arthur F. Bell, Jr. & Associates, LLC (Bell) to interrogatories submitted to them by Holzer. There were 12 interrogatories to the individual and eleven to the Limited liability company and answers by each to the eleven common interrogatories were the same. (For purposes of the motion, therefore, the two plaintiffs have been referred to



collectively as "Bell"). This motion has been submitted on briefs. Based upon the motion and the briefing the following findings are made:

1.   Interrogatory 5 seeks an itemization by category of damages claimed by these plaintiffs. Interrogatory 11 to the individual plaintiff seeks similar information and is dealt with here. The response does give some general concepts about unliquidated damages but does not specify either the amount or general method of calculation by category. For example the interrogatory itself mentions categories of (a) loss of customers, (b) loss of good will, (c) infringement of intellectual property, (d) loss of business claimed under the Lanham Act, (e) theft of trade secrets, (f) out of pocket expenses such as hiring and retention of personnel, (g) medical or lost earnings expense due to emotional distress and some concept of elements of unliquidated damages. Previous rulings by the United States Magistrate Judge have indicated that damage calculations by experts do not have to be shown until expert reports or evidence is due to be disclosed. Defendant is, however, entitled to more complete answers about damages. Plaintiffs should be compelled to give more specific and complete answers to interrogatories 5 and 11.

2.   Interrogatory 6 asks for the identity of all persons with knowledge of the extortion letter or the extortion conspiracy. In his order of May 17, 2000 the United States Magistrate Judge ruled that TTMC had to answer this question. Some of my previous findings with respect these same questions put to TTMC have held that TTMC is not required to disclose its entire customer list but should disclose the names of those who to Plaintiff's knowledge have changed their position because of the letter or the conspiracy. The same requirement should hold here. Plaintiffs should be compelled to

answer this interrogatory further including the names of law enforcement officials contacted. The accountant/client privilege has previously been held to be inapplicable. Work product and Attorney client privileges should be honored but if any names are felt to be in those categories they should be included on a log submitted in camera.

3.  With respect to interrogatory number 7 Bell provided answers stating which statements in specific documents were false. Bell also agreed to supplement the answer to this question. Bell's answers appear adequate and Bell should not be compelled to answer further. It goes without saying, however, that the duty to supplement is not impaired.

4.  Interrogatory 8 is identical to interrogatory 10 submitted to TTMC. It asks for the contractual and business relationships claimed to have been interfered with. The United States Magistrate Judge in his May 17 order directed plaintiff TTMC to answer that interrogatory. Plaintiff Bell has given a partial answer but did not give specific names in some instances. It also appears that future events referred to at the time of answering have now probably occurred so that specific names could be given. This information is relevant to the issue of damages and Defendant is entitled to the information in order to defend.

5.  Interrogatories 9 and 10 ask for either false and misleading information or highly confidential information referred to in paragraph 18 of the Complaint. Bell did make a partial response but for example stated that the website TTMC.org contained false and misleading hyperlinks without identifying the hyperlinks. Defendant is entitled to more specific responses identifying the information. Any of that information that finds its way to the court file or into a pleading should be filed under seal.

6.  Interrogatory number 11 has been covered in finding Number 1 above in the discussion about damages.

7.  Bell has declined to answer interrogatory number 12 by deferring to TTMC. Bell, however, as the accountant for TTMC or related entities, should answer those matters asked by this question that are within its knowledge. Bell should be compelled to provide a more complete response to Interrogatory 12, or else state that it has no knowledge or information about the answer to this question.

WAYNE C. WOLF

WAYNE C. WOLF
Special Master
4159 Montgomery Blvd., N.E.
Albuquerque, NM 87109
(505) 888-6600

findingsfinal compelBellni 10 23.00