IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

00 OCT 25 AM 11:04

TROUT TRADING MANAGEMENT CO., LTD.,
et al.,

    Plaintiffs,

vs.                      No. CIV-99-1330 JC/LCS ACE

TIMOTHY W. TROUT
and HENRY MARK HOLZER,

    Defendants.

---

TIMOTHY W. TROUT,

    Counter Claimant,

vs.

TROUT TRADING MANAGEMENT CO., LTD.,
et al.,

    Counterclaim Defendants.

### SPECIAL MASTER FINDINGS ON HOLZER'S MOTION TO COMPEL PLAINTIFFS TO RESPOND TO HOLZER'S FIRST REQUEST FOR ADMISSIONS (251)

Defendant Holzer seeks to compel more complete responses to requests for admissions. Although this motion deals only with a First Set of admission requests, Plaintiffs in their brief state that two sets were served the same day and that altogether Holzer has requested over 320 separate admissions and references over 100 exhibits of almost 300 pages in the two sets. (The first set which is before me has 81 requests to TTMC, 36 to Bell, 38 to Peikoff, and 38 to



Binswanger). This motion concerns the first set.

The objective of FRCP 36 is to gain an admission from an opponent about facts, documents or consequences of facts and documents already in the discovering party's hands. They can concern facts, statements of opinion or the application of law to fact. The rule is to serve two vital purposes designed to reduce trial time. First to facilitate proof on issues that can't be eliminated from the case and second to narrow issues by eliminating those that can be eliminated from the case. See Advisory Committee's Note 1970 and Finman, *The Request for Admissions in Federal Civil Procedure, 71 Yale L. J. 371 (1962)*.

Requests to admit may be so voluminous and so framed that it is unduly burdensome to sort out what is in dispute and what is not. See Advisory Committee's Note-1970. For example in the case at bar Holzer in his first seven requests sought to rule out negatives from TTMC's viewpoint about websites. The claim being made, however, is about Tim Trout's use of websites to interfere with Plaintiff's services. Neither is it clear that the subject of requests 8-11 pertains to something that would really be an issue at trial. Based on the briefs of the parties, the foregoing synopsis and the applicable law the following findings are made:

I

THE TTMC REQUESTS

1. The motion to compel admissions to Requests No. 1-11 should be denied.

2. The motion to compel admissions to Requests No. 16-18 and 20-23 should be denied as they don't appear to be aimed at proving a relevant issue or application of law for trial of the case at bar. Even though responses under FRCP 36 are more like pleadings, they still relate to the rules of evidence as another means of simplifying proof and these requests violate the

spirit of Rule 408 of the Rules of Evidence. Holzer argues that the discussions were about settlement and therefore judicially privileged but the requests are not aimed at eliciting an admission of that concept. Instead the requests seek to obtain an admission that Monroe Trout was motivated to settle in that they contain the phrase "Monroe wanted to settle". The request to admit that there was no explanation that "Monroe might pursue criminal charges" also does not appear to be relevant. The motion to compel admissions 16-18 and 20-23 should be denied. Request 19 does squarely present the issue about settlement discussion and it is Holzer's legal contention that such discussions would gain him a "judicially privileged" protection. He is entitled to an answer to that request and Plaintiff TTMC should serve another answer to Request 19.

    3.    Plaintiffs did not squarely admit or deny request 26 and should be required to answer this request completely by filing another answer pursuant to rule 36 (a).

    4.    With respect to requests 28-30 Plaintiffs should not be compelled to respond. The answer to Request 28 is adequate and the objections to requests 29 and 30 are valid. The motion with respect to requests 28-30 should be denied.

    5.    With respect to requests 45-50 plaintiffs objections appear valid and they should not be required to respond. For 45-48 it appears that it would not really help facilitate proof of an issue to reduce trial time by admissions of whether or not lawyers held a discussion of claims before suit was filed. The requests for admission are drafted in a narrow fashion and these requests do not clearly invoke a response about settlement. Request 49 asks for an admission of an interpretation of a letter and deciphering the meaning of the request in terms of what the letter says that may or may not be a factual dispute and the deciphering becomes an unduly burdensome task particularly when it is almost certain that the letter itself with be a central piece

of evidence. Those same principles apply to request 50 which requests interpretation of the memo. The motion to compel requests 45-50 should be denied.

6. Request 51 was adequately answered with respect to matters for which there was no objection and for others it appears that the objection was valid. The motion should be denied with respect to Request 51.

7. Plaintiff almost answered requests 52 -62 and 67 in an adequate manner. In each instance TTMC admitted that Exhibits A-K and P were the property of TTC and/or TTMC. The "and/or" combining of the conjunctive and disjunctive introduced an ambiguity which Defendant Holzer is entitled to have clarified. One of the goals of rule 36 is to have a clear response for the requestor so that he knows whether to gather proof for the trial. The consequence of failure to admit is most likely the assessment of costs. The motion to compel should be granted for requests 52-62 and 67.

8. Requests 68-79 seek admissions of some general facts about the "Black Box" or "DT". They don't general ask for admission of the contents. Plaintiffs objections of trade secret proprietary information is about the content. The requests don't go that far and the Defendant Holzer is entitled to an answer to these requests. The motion to compel should be granted for these requests.

9. Requests 80 and 81 do not ask about the "Black Box" but they fall in the same category and the same reasons apply to require an answer. The motion to compel should be granted with respect to these requests.

II

## THE ARTHUR F. BELL, JR.'S REQUESTS

10. Requests 5 and 7 were answered with an explanation and then denied. The explanation does not take away from the denial. The Defendant Holzer can plan his proof for trial accordingly. The motion to compel these requests should be denied.

11. The objections to requests 9-11 and 13-16 are valid for all the reasons stated in finding No. 2 above and the motion to compel for these requests should be denied. Request 12 squarely raises the issue about judicial privilege for settlement discussion and should be answered. The Advisory Committee notes make it clear that lack of personal knowledge is not a sufficient reason to refuse to admit or deny a request particularly when the same counsel represents all plaintiffs. Plaintiff should file another answer to request 12.

12. The objections to requests 30-33 are valid for all the reasons stated in finding No. 5 above and for the additional reason that a direct request about equity claims itself is not within the scope of issues existing as of February 17, 2000 and is now probably moot because of settlement. The motion to compel with respect to these requests should be denied.

13. The objections to requests 34-36 appear to be valid and Plaintiff Bell should not be compelled to respond further. The motion to compel with respect to these requests should be denied.

### III

### PEIKOFF REQUESTS

14. The Plaintiff Peikoff should not be required to file further answers to requests 11-13 and 15-18 for the reasons stated in finding No. 2 above. The motion to compel with respect to those requests should be denied. Request 14 squarely presents the issue about judicial privilege of settlement discussion and should be answered further.

15.     Although Defendant Holzer highlighted Plaintiff Peikoff's response to Request 29 it does not appear to be mentioned in the motion itself. Presumably there are other ways to determine whether Attorney Warner represented Peikoff. The motion with respect to Requests 32-38 should be denied for the reasons stated in findings 12 and 13 above.

WAYNE C. WOLF

*Wayne C. Wolf*

WAYNE C. WOLF
Special Master
4159 Montgomery Blvd., N.E.
Albuquerque, NM 87109
(505) 888-6600

findingsfinal Holzercompeladm 251