IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

00 OCT 26 AM 11: 20

TROUT TRADING MANAGEMENT CO., LTD.,
et al.,

    Plaintiffs,

vs.                                       No. CIV-99-1330 JC/LCS ACE

TIMOTHY W. TROUT
and HENRY MARK HOLZER,

    Defendants.

---

TIMOTHY W. TROUT,

    Counter Claimant,

vs.

TROUT TRADING MANAGEMENT CO., LTD.,
et al.,

    Counterclaim Defendants.

## SPECIAL MASTER FINDINGS ON HOLZER'S MOTION TO COMPEL PLAINTIFF TTMC TO ANSWER HOLZER'S SECOND SET OF INTERROGATORIES AND INTERROGATORIES 11 AND 12 OF HOLZER'S FIRST SET OF INTERROGATORIES (DOC 253)

This motion seeks to compel further answers to interrogatories 11 and 12 of Holzers First Set of Interrogatories and all of Holzers Second Set of Interrogatories. This motion was submitted by briefs. One major point in the briefs should be addressed at the outset. TTMC argues that most of the interrogatories are beyond the scope of permitted discovery because of the Case Management Order ("CMO") filed April 13,



privilege is asserted. The following findings are made with the understanding that an appropriate privilege log or other identification will be made if those objections are raised to further production of matters compelled by these findings:

1. Although ownership contentions are one step removed when applied to the Defendant Holzer he may be able to rely on his clients right to possession as some argument of a defense about conversion or similar claims. Production of some of the documents relating to Tim Trouts equity position should be allowed for that possibility until such time as the Court rules that the defenses aren't valid or available. Based on those concepts and consistent with prior findings it appears that Plaintiffs should produce the documents requested in Requests 1 and 2. The motion to compel should be granted with respect to those requests.

2. With respect to request 5 it appears that most of it is irrelevant but Defendant Holzer should be entitled to those documents within the scope of the request that tend to show Timothy Trout's relationship to any listed entity in any ownership capacity.

3. Subject to privilege objections as mentioned in the preamble Plaintiffs should produce documents responsive to requests 6, 7, 8, 10 and 23.

4. Because of the settlement of Timothy Trouts claims and because of the more remote nature of the requests Plaintiffs objections appear to be valid for Requests 9, 11-18, 30 and 47. Requests 12-18 ask for documents concerning communications about various subjects some of which, but not all, might be considered as touching upon an equity position. It appears to me that documents showing communications about the thing rather than documents showing the thing are just one step to far

removed to be relevant. The motion to compel should be denied with respect to all of these requests.

5.  Plaintiffs response to request 41 appears to be adequate, and they should not be compelled to produce any further documents in response to that request.

6.  With respect to requests 34, 35, 44, 46, 53 and 61 Plaintiffs agree to produce those documents in accordance with the terms of a confidentiality order and subject to appropriate privileges as soon as the United States Magistrate Judge permits actual discovery to commence again. The motion to compel further response to these requests therefore should be denied.

7.  With respect to requests 19-22 Plaintiffs have responded by agreeing to produce these documents or by saying that they have already produced them prior to the Court's ruling that actual discovery should be stayed while motion practice on discovery should continue. For some requests, including these, Defendant Holzer has argued that Plaintiffs counsel should also Bates stamp or at least log their litigation files and that these documents should be subject to production like any other documents. In a literal sense that appears to be inappropriate and oppressive but documents that exist elsewhere as part of the business of plaintiffs should not escape production just because they also exist in Counsels litigation file. Without a further showing that Plaintiffs have failed to comply in that regard the motion to compel further response to these requests should be denied.

8.  With respect to requests 36, 38, 43, 45, 59, and 60 it appears that Plaintiffs have responded that they have produced or will produce documents in response to 36, 43, 45 and 60. With respect to 38 Plaintiffs should not have to produce opinions of

consulting experts. Production of any documents with respect to a testifying expert will have to be in accordance with the order of the United State Judge or Magistrate Judge and Rule 26. With respect to request 59 it appears that any possibility that it would lead to the discovery of relevant evidence is outweighed by the sensitive nature of the subject unless any such documents are furnished to a testifying expert.

    9.    With respect to requests 54 and 55 Plaintiffs should be required to produce documents responsive to these requests because it appears that the documents relate to or probably could lead to discovery of admissible evidence on defenses or claims. Such documents might prove or disprove some of the allegations of paragraph 31 of the Complaint.

    10.    With respect to request 66 Plaintiffs have responded that they do not have any such documents. The request is for documents concerning an in court statement that matters have been presented to law enforcement authorities and Holzer correctly argues that if there is a transcript of the hearing referred to in the request then it should be produced. In addition he argues that Plaintiff counsel's litigation file should also be logged but that subject has been treated in finding 7 above and I see no reason to find any differently in this circumstance. Holzer's interpretation that the request should include documents that went to authorities is too broad. The request was for documents about Church's open court statement and extending the request any further makes it virtually impossible to deal with.

    11.    As separate general subject in his briefing Holzer has argued that (a) TTMC's privilege log be amended, (b) that certain documents from the log be produced, including management documents pertaining to mitigation, and documents

given to consultants who helped with mitigation, and (c) that categories of "confidential" documents and "investor inquiry" documents be produced. Holzer also urges that production should occur immediately and that all documents responsive to any requests be logged if not produced. In addition Holzer urges that a consultant privilege has been raised for some who are not really consultants and that there has been no consultant privilege log prepared by TTMC. The subject of a privilege log was addressed in the findings filed July 10, 2000 at paragraph 13, pp. 7,8. (doc 257). That log should be presented when the discovery stay is lifted. It now appears that a separate consultant privilege log should be prepared for in camera review since names are also claimed by Plaintiff TTMC to be sensitive. The consultant privilege log should include all those retained with respect to mitigation of damages including website consultants and consultants retained with respect to the Wall Street Journal article or other media releases. Until that information is available it is virtually impossible for me to determine in a reasonable manner just what documents or names should be produced or disclosed.

WAYNE C. WOLF

*/s/ Wayne C. Wolf*

WAYNE C. WOLF
Special Master
4159 Montgomery Blvd., N.E.
Albuquerque, NM 87109
(505) 888-6600

Findings.finalttmcdocreq.(242).10.24.00