IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TROUT TRADING MANAGEMENT CO., LTD.,
et al.,

        Plaintiffs,

vs.                                                                       No. CIV-99-1330 JC/LCS ACE

TIMOTHY W. TROUT
and HENRY MARK HOLZER,

        Defendants.

---

TIMOTHY W. TROUT,

        Counter Claimant,

vs.

TROUT TRADING MANAGEMENT CO., LTD.,
et al.,

        Counterclaim Defendants.

### SPECIAL MASTER FINDINGS ON HOLZER'S MOTION TO COMPEL PLAINTIFF TTMC TO ANSWER HOLZER'S SECOND SET OF INTERROGATORIES AND INTERROGATORIES 11 AND 12 OF HOLZER'S FIRST SET OF INTERROGATORIES (DOC 253)

This motion seeks to compel further answers to interrogatories 11 and 12 of Holzer's First Set of Interrogatories and all of Holzer's Second Set of Interrogatories. This motion was submitted by briefs. One major point in the briefs should be addressed at the outset. TTMC argues that most of the interrogatories are beyond the scope of permitted discovery because of the Case Management Order ("CMO") filed April 13,



2000 (doc 80). The CMO provides that discovery requests could be filed until and including April 17 on matters related to the application for a preliminary injunction or about subject matter jurisdiction. TTMC argues that the interrogatories are now irrelevant because they are moot due to the fact that a preliminary injunction has been entered. These interrogatories were served on April 17 at a time before the preliminary injunction was entered and were at that time "written discovery requests related to the Application for Preliminary Injunction or subject matter jurisdiction".  The interrogatories undoubtedly would be asserted toward preparation for trial on the merits and motion practice has been directed to be continued even though discovery is stayed. In accordance with those principles and based on the briefs the following findings are made:

1.   Interrogatory 11 asked for identification of trade secrets claimed to have been taken wrongfully by Defendant Timothy Trout. The Case Management Order (CMO) (doc. 80) required that trade secrets claimed to have been appropriated should be identified by Bates number. TTMC's answer identified secrets by description and category but did not make specific identification. TTMC agreed to supplement this response. When the discovery stay is lifted these trade secrets should be identified by Bates number. Interrogatory 12 asks for identification of confidential business records and papers claimed to have been wrongfully taken. These documents appear to be of similar to the trade secrets although not as important. They are still the subject of allegations in Plaintiffs' complaint and should therefore also be identified by Bates number when the stay is lifted. TTMC may have agreed to this precise procedure but it

is not entirely clear from the briefs that such is the agreement. Therefore the motion to compel further answers to interrogatories 11 and 12 should be granted in accordance with this finding.

2. Plaintiffs object to the relevancy of interrogatories 14 and 15 on the grounds that they relate to trade secrets and that there was to be no issue of trading strategies at the hearing on the application for a preliminary injunction. This aspect of relevancy was treated in the preamble to these findings. In other respects it appears that these interrogatories go to the incidents of ownership and are therefore ordinary everyday discovery pertaining to potential defenses in the case. The motion to compel should be granted for interrogatories 14 and 15.

3. Interrogatory 16 ask for identification of all communications with any person who contacted TTMC or Monroe Trout about the Wall Street Journal. Numbers 17 and 18 ask for names of investors and creditors who have stated the possibility of withdrawing funds or credit from TTF or TTMC. TTMC's objection to 16 is that it is vague and overbroad and because of the accountant/client privilege. It also responds that the communications within the scope of the interrogatory are identified in documents already produced. In previous findings on other motions I have found that investor names should be protected except for those who have changed their position with respect to TTMC. It appears that the same should apply with respect to creditors and with respect to TTF. Although 16 is broad it would include investors or creditors changing their positions. It therefore appears that TTMC should be compelled to disclose communications with and the names of investors or creditors who have

3

changed their position with respect to either TTF or TTMC and it should be done without regard for an accountant/client privilege.

4.   Interrogatory 19 asks for the identity of creditors who may decide not to do business with affiliates of Monroe Trout because of anything they may learn or hear about the extortion conspiracy. TTMC responds with the objection that the interrogatory calls for speculation and that TTMC intends to develop damage evidence about damage to reputation through expert testimony. Once again it appears that names of creditors who have decided not to do business should be disclosed. Any information given to testifying experts for them to use in forming an opinion should also be disclosed. TTMC should be required to respond further to this interrogatory in accordance with this finding and the motion to compel to that extent should be granted.

WAYNE C. WOLF

*/s/ Wayne C. Wolf*

WAYNE C. WOLF
Special Master
4159 Montgomery Blvd., N.E.
Albuquerque, NM 87109
(505) 888-6600

Holzercompel1st.Int.&2Int. 10.24.00

4