# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TROUT TRADING MANAGEMENT CO. LTD., et al.,

    Plaintiffs/Counter-Defendants,

vs.

TIMOTHY W. TROUT,

                                                                 No. CIV 99-1330 JC/LCS

    Defendant/Third-Party Plaintiff,

vs.

EDITH PACKER and
GEORGE REISMAN,

    Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant/Third-Party Plaintiff Timothy W. Trout's Rule 41 Motion to Dismiss Third-Party Complaint, filed July 5, 2001 *(Doc. 473)*. The Court has review the motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Defendant/Third-Party Plaintiff's motion is well taken and will be granted.

## I.    Background

Several Plaintiffs originally sued Defendants Timothy Trout and his former lawyer, Henry Mark Holzer, on November 17, 1999. The complaint made numerous allegations against the Defendants relating to a failed business relationship between two brothers, Monroe and Timothy Trout, with respect to their interests in Trout Trading Management Co. ("TTMC").

Defendant Timothy Trout subsequently filed a counterclaim against Plaintiffs on February 22, 2000. Defendant Timothy Trout also filed a cross-claim against Defendant Henry Mark Holzer on May 18, 2000. Finally, Defendant Timothy Trout filed a third-party complaint against KPMG, David Lyness, Edith Packer, and George Reisman on June 19, 2000.

On October 10, 2000, the Court entered a Stipulated Order dismissing all claims between Plaintiffs and Defendant Timothy Trout as a result of a settlement. The Court also entered a Permanent Injunction against Defendant Timothy Trout and dissolved the Temporary Restraining Order as to Timothy Trout.

On February 14, 2001, the Court entered a Stipulated Order dismissing all claims between Timothy Trout and third-party defendants KPMG and David Lyness as a result of a settlement. Likewise, on March 5, 2001, the Court entered a Stipulated Permanent Injunction against Henry Mark Holzer and entered an Order dismissing Plaintiffs' claims and Timothy Trout's cross-claim against Defendant Henry Mark Holzer, as a result of a settlement.

Accordingly, the only item remaining is Defendant Timothy Trout's third-party complaint against George Reisman and Edith Packer, which was filed on June 19, 2000. Reisman filed his answer to the third-party complaint on October 3, 2000, and Packer filed her answer to the third-party complaint on October 20, 2000. The Court entered a Case Management Order on January 29, 2001, but no discovery has been taken on this third-party complaint due to stay orders entered on March 8, 2001, and April 9, 2001. Magistrate Judge Leslie C. Smith conducted two formal settlement conferences between the parties on December 13, 2000, and May 15, 2001, with no success.

Defendant/Third-Party Plaintiff Timothy Trout ("Trout") now moves to voluntarily

dismiss his Third-Party Complaint against Defendants Edith Packer and George Reisman ("Packer and Reisman") pursuant to Rules 41(a) and (c) of the Federal Rules of Civil Procedure. *See Defendant/Third-Party Plaintiff Timothy W. Trout's Rule 41 Motion to Dismiss Third-Party Complaint*, filed July 5, 2001 *(Doc. 473)*.

## II.   Analysis

As the parties note, Rule 41(a)(2) of the Federal Rules of Civil Procedure allows for the Court to order the dismissal of claims, without prejudice, upon such terms and conditions that the Court deems proper. Rule 41(c) authorizes the Court to extend application of such a dismissal to third-party claims.

Dismissal under Rule 41(a)(2) is within the sound discretion of the court. *See Phillips USA, Inc., v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996). In exercising this discretion, the Court must consider the purpose of Rule 41(a)(2), which is designed to prevent voluntary dismissals which unfairly affect the other side and to allow the Court to impose curative conditions. *See id.* Thus, "the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir.1993) (quotations omitted). "It is the prejudice to the [opposing party], rather than the convenience of the court, that is to be considered in passing on a motion for dismissal." *Id.* (citation omitted).

In assessing whether the opposing party might suffer legal prejudice under Rule 41(a)(2), the Court shall consider the following factors: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation. *See*

3

*Phillips*, 77 F.3d 358 (citations omitted). The Court does not need to resolve all of the factors in favor of one of the parties. *See id.* Rather, these factors are guides for the district court. *See id.*

Under the first factor, the Court finds that Reisman and Packer have engaged in minimal effort and expense in preparing for trial. According to the record in this case, Reisman and Packer have conducted no discovery and filed no dispositive motions. The only movement in this case has been Court sanctioned or initiated settlement negotiations. By any reasonable measure, there has been a limited amount of work involved in this matter by Packer and Reisman.

Under the second factor, the Court finds that none of the parties has demonstrated excessive delay or a lack of diligence in prosecuting this matter. Packer and Reisman attempt to argue that Trout was in some way responsible for the delay in this case going forward. Yet, the record reveals that there have been several stays in the case to allow the parties to proceed with settlement negotiations, and these stays were either Court imposed or agreed to by the parties. This does not suggest that Trout was responsible for any delay or lack of diligence.

Under the third factor, the Court must consider the moving party's explanation of the need for dismissal. Once it became apparent that Packer and Reisman were unwilling to settle this case on mutually acceptable terms, Trout maintains that he decided to withdraw his complaint because he wanted to avoid the on-going stress, expense, and aggravation of litigation. Although Mr. Trout should have considered these issue before filing his third-party complaint, the present posture of the case does not make his concerns irrelevant. Since this case is in its infancy, the Court will give some weight to Trout's explanation.

Finally, the most persuasive reason for dismissing this case is the fourth factor--the present

stage of litigation. As previously stated, neither party has engaged in discovery; neither party has filed dispositive motions. In other words, this case has not proceeded past the basic pleadings stage. Clearly, Packer and Reisman will suffer little, if any, legal prejudice by the Court dismissing this cause of action without prejudice.

Wherefore,

IT IS ORDERED that Defendant/Third-Party Plaintiff Timothy W. Trout's Rule 41 Motion to Dismiss Third-Party Complaint, filed July 5, 2001 *(Doc. 473)*, is granted.

DATED November 26, 2001.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Defendant/Third-Party Plaintiff:

    John M. Brant, Esq.
    Rodey, Dickason, Sloan, Akin & Robb, P.A.
    Albuquerque, New Mexico

Counsel for Third-Party Defendant Edith Packer:

    Charlotte H. Hetherington, Esq.
    Cuddy, Kennedy, Hetherington, Albetta & Ives, LLP
    Santa Fe, New Mexico

Counsel for Third-Party Defendant George Reisman:

    Kathryn D. Lucero, Esq.
    Foster, Johnson, McDonald, Lucero, Koinis, LLP
    Albuquerque, New Mexico